Docusign Envelope ID: 13EA753F-7126-8E2B-82BE-936B1B9ACF75

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

BRANDON HEITMANN,

     Debtor.

_____/

RATNESH MEHRA,

     Plaintiff,

v.

BRANDON HEITMANN,

     Defendant.

_____/

Chapter 7
Case No. 24-41956-MAR
Hon. Mark A. Randon

Adv. Proc. No. 25-04093-mar

**DEFENDANT'S SUPPLEMNTAL ANSWERS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS, FIRST SET OF INTERROGATORIES, AND FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Now Comes Defendant, by and through his attorneys, Kotz Sangster & Wysocki P.C., and hereby submits his supplemental answers and responses to Plaintiff's First Set of Requests for Admissions, Interrogatories, and Requests for Production of Documents as follows:

**GENERAL OBJECTIONS**

1. Defendant objects to each Interrogatory and Request to the extent that it seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection under Michigan and Federal law.

2. The Defendant objects to any Interrogatory or Request that is vague, ambiguous, overbroad, unduly burdensome, or not proportional to the needs of the case as required by Federal Rules of Civil Procedure 33, 34 and 36, made applicable to this proceeding by Bankruptcy Rules 7033, 7034 and 7036.

3. The Defendant objects to any Interrogatory or Request that seeks information that is neither relevant to the claims nor reasonably calculated to lead to the discovery of admissible evidence.

4. The Defendant objects to any Interrogatory or Request to the extent it seeks information or documents that are already within Plaintiff's possession, custody, or control, or equally available to Plaintiff from public records.

6. The Defendant's responses are made without waiving, and with full reservation of, all objections as to relevance, materiality, competence, privilege, and admissibility.

## REQUEST FOR ADMISSIONS

REQUEST FOR ADMISSION NO. 1: Admit that on or about May 14, 2020, the Plaintiff and the Defendant on behalf of Exigent Landscaping, LLC entered into the contract attached as Exhibit A ("Contract") for the property located at 232 Forest Ave, Royal Oak, Michigan ("Property").

RESPONSE: Defendant has limited documents and information in his possession related to the 2020 project and Exigent. The Contract referenced by Plaintiff does not appear to be signed. However, Defendant Admits the Contract appears to be an accurate representation of the agreement between Exigent and Plaintiff.

REQUEST FOR ADMISSION NO. 2: Admit that a residential builders license was required to obtain a building permit for the scope of work contained in the Contract.

RESPONSE: Admitted in part. Certain portions of the work did not require a residential builders license, such as landscaping and hardscaping.

REQUEST FOR ADMISSION NO. 3: Admit that on May 14, 2020, the Defendant did not possess a residential builders license.

RESPONSE: Denied as stated. Defendant admits he personally did not have a residential builder's license under his name on May 14, 2020, but performed work under the knowledge and supervision of Construction Contractor's LCC and Ideal Builders and Remodeling and performed work under contract with Ideal Builders and Remodeling.

REQUEST FOR ADMISSION NO. 4: Admit that the Plaintiff and the Defendant on behalf of Exigent Landscaping, LLC entered into Change Orders #1-10 which are attached as Exhibit B ("Change Orders").

RESPONSE: Defendant has limited documents and information in his possession related to the 2020 project and Exigent. However, Defendant Admits Change Orders appear to be an accurate representation of Change Orders between Exigent and Plaintiff.

REQUEST FOR ADMISSION NO. 5: Admit that every page of the Contract and the Change Orders listed "License #802082183".

RESPONSE: Defendant objects this RTA to extent it attempts to call or establish a legal conclusion from a document which speaks for itself. Without waiving any objections, Defendant admits that the Change Orders state "License #802082183".

REQUEST FOR ADMISSION NO. 6: Admit that "License #802082183" was not a residential builders license of the Defendant or Exigent Landscaping, LLC.

RESPONSE: Defendant objects this RTA to extent it attempts to call or establish a legal conclusion from a document which speaks for itself. Without waiving any objections, Defendant admits. However, Defendant did not intend to knowingly mislead or purport false information to Plaintiff.

REQUEST FOR ADMISSION NO. 7: Admit that the initial Contract price was $308,395.70 which increased to $466,255.70 through Change Orders #1-10.

RESPONSE: Defendant admits at this time. Defendant is in the process of gathering and assessing accounting information related to the project and reserves his right to supplement or further clarify. Defendant further states the project occurred 5 years ago and Defendant has limited possession and access to documents of Exigent, which no longer exists.

REQUEST FOR ADMISSION NO. 8: Admit that you concealed from the Plaintiff that you did not have the requisite license to perform the work in the Contract and Change Orders.

RESPONSE: Denied as untrue.

REQUEST FOR ADMISSION NO. 9: Admit that the Defendant did not receive a residential builder's license until March 28, 2023.

RESPONSE: Defendant admits. Defendant further relies on his response to RTA No. 3.

REQUEST FOR ADMISSION NO. 10: Admit that none of your work on the Property was approved by the Royal Oak Building Department.

RESPONSE: Denied as untrue.

REQUEST FOR ADMISSION NO. 11: Admit that you applied for Building Permit #PB20-00683 in the name of Construction Contractors using Henry Bells residential builder's license. Exhibit C.

RESPONSE: Defendant admits. Defendant further relies on his response to RTA No. 3. and states further that Ideal Builders and Remodeling is also listed on the Exhibit as an applicant.

REQUEST FOR ADMISSION NO. 12: Admit that the work covered by Building Permit #PB20- 00683 was not approved by the Royal Oak Building Department.

RESPONSE: Denied as untrue.

REQUEST FOR ADMISSION NO. 13: Admit that you applied for Building Permit #PB20-00748 in the name of Construction Contractors using Henry Bells residential builder's license. Exhibit D.

RESPONSE: Defendant admits. Defendant further relies on his response to RTA No. 3. and states further that Ideal Builders and Remodeling is also listed on the Exhibit as an applicant.

REQUEST FOR ADMISSION NO. 14: Admit that the work covered by Building Permit #PB20- 00748 was not approved by the Royal Oak Building Department.

RESPONSE: Denied as untrue.

REQUEST FOR ADMISSION NO. 15: Admit that you applied for Building Permit #PB20-01775 in the name of Construction Contractors using Henry Bells residential builder's license. Exhibit E.

RESPONSE: Defendant admits. Defendant further relies on his response to RTA No. 3. and states further that Ideal Builders and Remodeling is also listed on the Exhibit as an applicant.

REQUEST FOR ADMISSION NO. 16: Admit that the work covered by Building Permit # PB20- 01775 was not approved by the Royal Oak Building Department.

RESPONSE: Denied as untrue.

REQUEST FOR ADMISSION NO. 17: Admit that Henry Bell and Construction Contractors did none of the work contained in Contract and Change Orders.

RESPONSE: Denied as untrue. Defendant admits. Defendant further relies on his response to RTA No. 3.

REQUEST FOR ADMISSION NO. 18: Admit that you failed to complete the scope of work contained in the Contract and Change Orders without defect.

RESPONSE: Denied as untrue.

REQUEST FOR ADMISSION NO. 19: Admit that the Plaintiff had to tear out the pool built by the Defendant and rebuild due to its defects.

RESPONSE: Denied as untrue.

## INTERROGATORIES

INTERROGATORY NO. 1: If any of the previous Requests for Admissions were not unequivocally admitted:

a. Describe in detail the basis for your non-admission, including all facts and/or law which support such non-admission;

b. Identify all documents that support or upon which you base your failure to admit; and

c. Identify all persons having knowledge of all facts upon which you base your failure to admit.

ANSWER: Defendant objects to this interrogatory as vague, overly broad, and unduly burdensome. Without waiving any objections, the basis for Defendant's denials are explained in his responses to Plaintiff's RTAs.

INTERROGATORY NO. 2: Identify the amount of money (and the dates received) that you or Exigent Landscaping received from the Plaintiff.

ANSWER: Defendant objects to this interrogatory as vague, overly broad, unduly burdensome, and unrelated to the subject matter of this action. Without waiving any objections, Defendant attaches a document he was able to locate which at least partially conveys some payments made by the general contractor, Ideal Builders to Exigent. The document is titled "Payments made thus far from Ideal."

Defendant further states Plaintiff requests business documents and information which are no longer in the reasonable custody or control of Defendant nor are such records maintained. The project was completed in 2020 with no notice of any lawsuit until long after Exigent ceased operations and filed bankruptcy.

INTERROGATORY NO. 3: What bank account was the money deposited into that was received from the Plaintiff.

ANSWER: Defendant objects to this interrogatory as vague, overly broad, unduly burdensome, and beyond the scope of the subject matter of this action. Defendant further states Plaintiff requests business documents and information which are no longer in the reasonable custody or control of Defendant nor are such records maintained. The project was completed in 2020 with no notice of any lawsuit until

long after Exigent ceased operations and filed bankruptcy.

INTERROGATORY NO. 4: Identify the disposition of all money you or Exigent Landscaping received from the Plaintiff.

ANSWER: Defendant objects to this interrogatory as vague, overly broad, unduly burdensome, and beyond the scope of the subject matter of this action. Defendant further states Plaintiff requests business documents and information which are no longer in the reasonable custody or control of Defendant nor are such records maintained. The project was completed in 2020 with no notice of any lawsuit until long after Exigent ceased operations and filed bankruptcy.

INTERROGATORY NO. 5:    Identify what work contained in the Contract or Change Orders was completed by Henry Bell or Construction Contractors.

ANSWER: Defendant objects to this interrogatory as vague, overly broad, unduly burdensome, and beyond the scope of the subject matter of this action. Without waiving any objections, Defendant further relies upon his response to RTA No. 3.

INTERROGATORY NO. 6: Identify what your all pertinent education, licensing, and experience that you had to complete the scope of work contained in the Contract and Change Orders as of May 14, 2020.

ANSWER: Defendant objects to this interrogatory as vague, overly broad, unduly burdensome, and beyond the scope of the subject matter of this action. Without waiving any objections, Defendant states much of the work did not require licensure such as landscaping, paver work, or other portions of the Project. Defendant further states that prior to the Project, Defendant had significant landscaping and hardscaping experience. Defendant also had experience in pool construction having assisted on projects before Plaintiff's Project and other projects through Exigent. Defendant further obtained training on installation, systems, and processes from Imagine Pools. Defendant further notes that subcontractors were properly licensed in their fields.

INTERROGATORY NO. 7: Why was your residential builder's license suspended?

ANSWER: Defendant objects to this interrogatory as vague, overly broad, unduly burdensome, and beyond the scope of the subject matter of this action. Such disciplinary action has no bearing or relevance on the claims asserted and burden required by Plaintiff as it relates to the allegations in Plaintiff's Complaint. Without

waiving any objections, Defendant attaches two (2) consent orders, which are public record.

INTERROGATORY NO. 8: Identify all laborers, materialmen, suppliers, and/or contractors who worked on the Contract and Change Orders and the amount that they were paid.

ANSWER: Defendant objects to this interrogatory as vague, overly broad, unduly burdensome, and beyond the scope of the subject matter of this action. Without waiving any objections, Defendant cannot recall or access all information for a project from 2020 and the now non-operating company who performed the work. Defendant recalls [Keith Electric - Keith T Horton 19806 Shady Lane Saint Clair Shores, MI 48080; A G Gas Svc - Geoffrey F Ross 27231 Doxator Dearborn Hts, MI 48127; David B Pfalz - 31938 Groesbeck Fraser, MI 48026; Jose - Classic pools; Henry Rodriguez – tile work; Joe Durnel -Aautocover; Scott Cherry, Archie Mercado, Noe Ortega – Former employees; Sandra and Rafael Torres , Daniel Garcia, Adam Sabolic, Kody Grandchamp]. See attached documents in Defendant's possession. Defendant further states Plaintiff requests business documents and information which are no longer in the reasonable custody or control of Defendant nor are such records maintained. The project was completed in 2020 with no notice of any lawsuit until long after Exigent ceased operations and filed bankruptcy.

INTERROGATORY NO. 9: In regard to the Antonelli Pool & Spa Assessment of August 28, 2023, identify any part of the assessment that you disagree with and identify all evidence, documentation, or witnesses that support your disagreement. Exhibit F.

ANSWER: Defendant objects to this interrogatory as vague, overly broad, unduly burdensome, and beyond the scope of the subject matter of this action. Without waiving any objections, Plaintiff failed to perform proper maintenance of the pool, including but not limited to winterization, and failed to maintain proper pool chemistry. Plaintiff relies on the Pool assessment produced by Antonelli, who was not engaged by Plaintiff to perform a forensic investigation of allegedly defective work, but rather provided a self-serving quotation to maximize profit from Plaintiff. Defendant contests that the defects noted in Antonelli's report rise to a level that required complete tear out of existing structures and equipment. Furthermore, several opinions within the report are incorrect, e.g. the report asserts that the slope of the shallow to deep end exceeded the 3:1 slope ratio required by the Pool Code Enforcement, yet the photographs of the pool forms refute such an assertion. Additionally, the Antonelli proposal includes line-item charges for replacing the

Docusign Envelope ID: 13EA753F-7126-8E2B-82BE-936B1B9ACF75

pool heater and pump, while Antonelli's Pool Assessment makes no mention of damage to the heater or pump. Furthermore, there appears to me no photo or other evidence to substantiate that such work performed by Antonelli was required. The report also contained subjective opinions with no explanation or substantiation.

Defendant further states to the extent such request relates to business or Project documents and information which are no longer in the reasonable custody or control of Defendant nor are such records maintained. The project was completed in 2020 with no notice of any lawsuit until long after Exigent ceased operations and filed bankruptcy.

INTERROGATORY NO. 10: Identify the date(s) that your license was suspended and the reason why.

ANSWER: Defendant objects to this interrogatory as vague, overly broad, unduly burdensome, and beyond the scope of the subject matter of this action. Such disciplinary action has no bearing or relevance on the claims asserted and burden required by Plaintiff as it relates to the allegations in Plaintiff's Complaint. Without waiving any objections, Defendant attaches two (2) consent orders, which are public record.

INTERROGATORY NO. 11: Identify all defenses you have to the claims asserted in the complaint, all evidence that supports those defenses, and all persons with personal knowledge and a summary of their personal knowledge.

ANSWER: Defendant objects to this interrogatory as vague, overly broad, unduly burdensome, and premature. Without waiving any objections, Defendant states numerous allegations of Plaintiff are false, Plaintiff failed to maintain the pool, and Defendant performed work under Ideal Building and Remodeling and Hank Bell.

# REQUEST FOR PRODUCTION OF DOCUMENTS

REQUEST TO PRODUCE NO. 1: Produce each and every document that Defendant identified or referred to in answering the foregoing Requests for Admissions and the foregoing Interrogatories.

RESPONSE: Defendant objects to this interrogatory as vague, overly broad, unduly burdensome, and beyond the scope of the subject matter of this action. Without waiving any objections, see attached.

REQUEST TO PRODUCE NO. 2: Produce all license complaints against the Defendant for violations of the Occupational Code and all Consent Orders or other resolutions thereof.

RESPONSE: Defendant objects to this interrogatory as vague, overly broad, unduly burdensome, and beyond the scope of the subject matter of this action. Without waiving any objections. See attached Consent Orders.

REQUEST TO PRODUCE NO. 3: Produce documentation evidencing how the money Exigent Landscaping received from the Plaintiff was spent.

RESPONSE: Defendant objects to this interrogatory as vague, overly broad, unduly burdensome, and beyond the scope of the subject matter of this action. Defendant further states Plaintiff requests business documents and information which are no longer in the reasonable custody or control of Defendant nor are such records maintained. The project was completed in 2020 with no notice of any lawsuit until long after Exigent ceased operations and filed bankruptcy.

REQUEST TO PRODUCE NO. 4: Produce all documentation evidencing all payment for labor, materials, and contractors for the work on the Contract and Change Orders.

RESPONSE: Defendant objects to this interrogatory as vague, overly broad, unduly burdensome, and beyond the scope of the subject matter of this action. Without waiving any objections, see attached. Defendant further states Plaintiff requests business documents and information which are no longer in the reasonable custody or control of Defendant nor are such records maintained. The project was completed in 2020 with no notice of any lawsuit until long after Exigent ceased operations and filed bankruptcy.

Docusign Envelope ID: 13EA753F-7126-8E2B-82BE-936B1B9ACF75

REQUEST TO PRODUCE NO. 5: Produce all communications with Henry Bell regarding the Contract and Change Orders and the Property.

RESPONSE: Defendant objects to this interrogatory as vague, overly broad, unduly burdensome, and beyond the scope of the subject matter of this action. Defendant attaches communications he was able to locate regarding the project. Defendant further states Plaintiff requests business documents and information which are no longer in the reasonable custody or control of Defendant nor are such records maintained. The project was completed in 2020 with no notice of any lawsuit until long after Exigent ceased operations and filed bankruptcy.

REQUEST TO PRODUCE NO. 6: Produce documentation evidencing that Henry Bell authorized you to use his residential builder's license to obtain the building permits for the work contained in the Contract and Change Orders for the Property.

RESPONSE: Defendant objects to this interrogatory as vague, overly broad, unduly burdensome, and beyond the scope of the subject matter of this action. Defendant attaches communications he was able to locate regarding the project. Defendant further states Plaintiff requests business documents and information which are no longer in the reasonable custody or control of Defendant nor are such records maintained. The project was completed in 2020 with no notice of any lawsuit until long after Exigent ceased operations and filed bankruptcy.

REQUEST TO PRODUCE NO. 7: Produce all communications with the Plaintiff advising him that you were using a third-party's residential builder's license to perform the work in the Contract and Change Orders for the Property.

RESPONSE: Defendant objects to this interrogatory as vague, overly broad, unduly burdensome, and beyond the scope of the subject matter of this action. Defendant attaches communications he was able to locate regarding the project. Defendant further states work was performed under Ideal Builders and Remodeling. Defendant further states Plaintiff requests business documents and information which are no longer in the reasonable custody or control of Defendant nor are such records maintained. The project was completed in 2020 with no notice of any lawsuit until long after Exigent ceased operations and filed bankruptcy.

REQUEST TO PRODUCE NO. 8: Produce all photographs of the Property regarding the work you performed that was contained in the Contract and Change Orders.

RESPONSE: Defendant objects to this interrogatory as vague, overly broad, unduly burdensome, and beyond the scope of the subject matter of this action. Defendant attaches documents he was able to locate regarding the project. Defendant further states Plaintiff requests business documents and information which are no longer in the reasonable custody or control of Defendant nor are such records maintained. The project was completed in 2020 with no notice of any lawsuit until long after Exigent ceased operations and filed bankruptcy.

REQUEST TO PRODUCE NO. 9: Produce copies of all Contracts and Change Orders between the parties.

RESPONSE: See attached what is in Defendant's possession. Defendant further states Plaintiff requests business documents and information which are no longer in the reasonable custody or control of Defendant nor are such records maintained. The project was completed in 2020 with no notice of any lawsuit until long after Exigent ceased operations and filed bankruptcy.

REQUEST TO PRODUCE NO. 10: Produce all criminal complaints against you for performing work without a residential builder's license and documentation evidencing the disposition thereof.

RESPONSE: Defendant objects to this interrogatory as vague, overly broad, unduly burdensome, and beyond the scope of the subject matter of this action. Such matters have no bearing or relevance on the claims asserted and burden required by Plaintiff as it relates to the allegations in Plaintiff's Complaint. Without waiving any objections, criminal proceedings against Defendant occurred in Macomb County.

REQUEST TO PRODUCE NO. 11: Produce bank statements evidencing the receipt of money from the Plaintiff and the disposition thereof.

RESPONSE: Defendant objects to this interrogatory as vague, overly broad, unduly burdensome, and beyond the scope of the subject matter of this action. Defendant further states Plaintiff requests business documents and information which are no longer in the reasonable custody or control of Defendant nor are such records maintained. The project was completed in 2020 with no notice of any lawsuit until long after Exigent ceased operations and filed bankruptcy.

REQUEST TO PRODUCE NO. 12: Produce all personal bank statements, credit union statements, and other financial statements accounts between May 14, 2020 and the filing of your bankruptcy petition.

RESPONSE: Defendant objects to this interrogatory as vague, overly broad, unduly burdensome, and beyond the scope of the subject matter of this action.

REQUEST TO PRODUCE NO. 13: Provide a sworn statement in the form prescribed by MCL 570.1110 in regard to 92 Crescent Drive, Dearborn, MI 48126.

RESPONSE: Defendant objects to this interrogatory as vague, overly broad, unduly burdensome, and beyond the scope of the subject matter of this action. Defendant further states Plaintiff requests business documents and information which are no longer in the reasonable custody or control of Defendant nor are such records maintained. The project was completed in 2020 with no notice of any lawsuit until long after Exigent ceased operations and filed bankruptcy.

Respectfully submitted,

**KOTZ SANGSTER WYSOCKI P.C.**

By: */s/ Yousef M. Farraj*
Yousef M. Farraj (P79760)
Attorneys for Defendant
400 Renaissance Center, Ste. 3400
Detroit, MI 48243
(313) 259-8300
yfarraj@kotzsangster.com

Dated: June 18, 2026

DocuSigned by:

By: _____ 6/22/2026
A6155A9DEA06439...
Brandon Heitmann

Dated: June 18, 2026

Docusign Envelope ID: 13EA753F-7126-8E2B-82BE-936B1B9ACF75

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

BRANDON HEITMANN,

      Debtor.

_____/

RATNESH MEHRA,

      Plaintiff,

v.

BRANDON HEITMANN,

      Defendant.

_____/

Chapter 7
Case No. 24-41956-MAR
Hon. Mark A. Randon

Adv. Proc. No. 25-04093-mar

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 22, 2026, I electronically served Defendant's Supplemental Answers and Responses to Plaintiff's First Set of Requests for Admissions, First Set of Interrogatories, and First Set of Requests for Production of Documents.

      **KOTZ SANGSTER WYSOCKI P.C.**

      By: */s/ Yousef M. Farraj*
         Yousef M. Farraj (P79760)
         Attorneys for Defendant
         400 Renaissance Center, Ste. 3400
         Detroit, MI 48243
         (313) 259-8300
         yfarraj@kotzsangster.com



## Certificate Of Completion

Envelope Id: 13EA753F-7126-8E2B-82BE-936B1B9ACF75                                          Status: Completed
Subject: Complete with Docusign: Def's Supplemantal Answers to Pltf's 1st Req to Admit Interrogs and Req...
Source Envelope:
Document Pages: 14                        Signatures: 1                          Envelope Originator:
Certificate Pages: 4                      Initials: 0                           James Strugs
AutoNav: Enabled
EnvelopeId Stamping: Enabled                                                    IP Address: 107.200.146.217
Time Zone: (UTC-05:00) Eastern Time (US & Canada)

## Record Tracking

Status: Original                          Holder: James Strugs                  Location: DocuSign
    6/18/2026 9:41:51 AM

| Signer Events | Signature | Timestamp |
|---|---|---|
| Brandon Heitmann<br><br>Security Level: Email, Account Authentication (None) | DocuSigned by:<br>A6155A9DEA06439...<br><br>Signature Adoption: Drawn on Device<br>Using IP Address: 2a04:4e41:3954:81e0::4f54:81e0<br>Signed using mobile | Sent: 6/18/2026 10:00:20 AM<br>Resent: 6/22/2026 8:01:49 AM<br>Resent: 6/22/2026 8:01:52 AM<br>Viewed: 6/22/2026 10:08:46 AM<br>Signed: 6/22/2026 10:08:59 AM |
| **Electronic Record and Signature Disclosure:**<br>  Accepted: 6/22/2026 10:08:46 AM<br>  ID: e622be0a-dcfb-4ccd-8be3-d2357375f1d3 | | |

| In Person Signer Events | Signature | Timestamp |
|---|---|---|

| Editor Delivery Events | Status | Timestamp |
|---|---|---|

| Agent Delivery Events | Status | Timestamp |
|---|---|---|

| Intermediary Delivery Events | Status | Timestamp |
|---|---|---|

| Certified Delivery Events | Status | Timestamp |
|---|---|---|

| Carbon Copy Events | Status | Timestamp |
|---|---|---|
| Yousef M. Farraj<br><br>Security Level: Email, Account Authentication (None)<br>**Electronic Record and Signature Disclosure:**<br>  Not Offered via Docusign | **COPIED** | Sent: 6/18/2026 10:00:21 AM<br>Viewed: 6/22/2026 10:10:01 AM |

| Witness Events | Signature | Timestamp |
|---|---|---|

| Notary Events | Signature | Timestamp |
|---|---|---|

| Envelope Summary Events | Status | Timestamps |
|---|---|---|
| Envelope Sent | Hashed/Encrypted | 6/18/2026 10:00:21 AM |
| Certified Delivered | Security Checked | 6/22/2026 10:08:46 AM |
| Signing Complete | Security Checked | 6/22/2026 10:08:59 AM |
| Completed | Security Checked | 6/22/2026 10:08:59 AM |

| Payment Events | Status | Timestamps |
|---|---|---|

## Electronic Record and Signature Disclosure