**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| | Case No. 24-41956-MAR |
| BRANDON HEITMANN, | Hon. Mark A. Randon |
| Debtor. | |

_______________________________________/

| | |
|---|---|
| RATNESH MEHRA, | |
| Plaintiff, | |
| v. | Adv. Proc. No. 25-04093-mar |
| BRANDON HEITMANN, | |
| Defendant. | |

_______________________________________/

**PLAINTIFF'S CORRECTED RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR EXTENSION OF ALL DATES**

Plaintiff Ratnesh Mehra, M.D., through his attorneys Osipov Bigelman, P.C., opposes Defendant's Motion for Extension of All Dates (Doc. 51) and states as follows:

On June 23, 2026, Defendant obtained his second stipulated adjournment of every deadline in this case. Three days later, on June 26, 2026, the attorney who obtained the adjournment on his way out the door, left the law firm. Defendant did not disclose that departure to Plaintiff before the stipulation was signed, before the Order was entered, or at any point before the attorney was gone. Despite obtaining this extension through a material omission, the Defendant wasted the additional time the Court gave it to conduct discovery[1].

## I. BACKGROUND

1. Plaintiff filed this adversary proceeding on May 27, 2025.

[1] Despite the Defendant's lack of diligence, on August 25, 2026, Plaintiff agreed to produce Dr. Mehra for examination on August 28, 2026, on four days' notice. Dr. Mehra, a practicing physician, rearranged commitments to appear, and the deposition proceeded.

2. Plaintiff's claims arise from Defendant's misrepresentation of his qualifications and legal authority to perform the work: Defendant held no residential builder's license when he contracted with Plaintiff, placed a fabricated license number on each page of the contract and change orders, and obtained building permits by submitting applications under a third party's name and license number while substituting his own contact information to keep the permitting process in his control. The pool his company built was defective beyond economical repair and had to be removed and replaced in its entirety, at a cost of $421,670.

3. On December 11, 2025, Plaintiff served his Designation of Experts and Disclosure of Expert Testimony (Doc. 22), identifying Mick Gadzinski of Antonelli Pools as a <u>non-retained testifying expert</u> and attaching his written assessment.

4. In January 2026, Defendant noticed Dr. Mehra's deposition. It was adjourned in favor of the Court-ordered mediation described below and never re-noticed, until the last day of discovery, but service was never obtained on the tardy subpoena.

5. On March 18, 2026, on the parties' stipulation, the Court appointed the Hon. Phillip J. Shefferly (Ret.) as mediator and adjourned all dates (Doc. 31), moving the discovery cutoff from January 30, 2026 to June 30, 2026. Plaintiff consented.

6. Mediation was conducted on April 7, 2026, and did not resolve the matter. Defendant took no discovery in the four and one half months that followed.

7. On June 23, 2026, on the parties' stipulation, the Court again adjourned all dates ("Order" at ECF No. 42), moving the discovery cutoff to August 30, 2026, the dispositive motion deadline to October 5, 2026, the final pretrial conference to December 14, 2026, and trial to January 12, 2027.

7. Three days later, on June 26, 2026, Yousef Farraj departed Kotz Sangster Wysocki, P.C. Motion ¶ 6. Neither Mr. Farraj nor his firm advised Plaintiff's counsel of the departure before the stipulation was executed, before entry of the June 23 Order, or before he left.

8. After doing nothing for two months since the last extension was granted, on August 21 and again on August 24, 2026, Defendant sought Plaintiff's concurrence in an adjournment of all dates. Plaintiff declined and explained why.

9. Defendant filed this Motion on August 25, 2026.

10. Also on August 25, 2026, Plaintiff agreed to produce Dr. Mehra for examination on August 28, 2026, on four days' notice. Dr. Mehra, a practicing physician, rearranged commitments to appear, and the deposition proceeded and lasted 7 and ½ hours.

11. Separately, Defendant noticed the deposition of Mr. Gadzinski, the non-retained testifying expert, set for August 31, 2026—the final day of discovery. It was improperly served on Plaintiff's counsel rather than on the witness[2], and attempts to obtain proper service on Mr. Gadzinski failed.

## II. LEGAL STANDARD

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4), made applicable by Fed. R. Bankr. P. 7016. "[T]he primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003)

---

[2] Mr. Gadzinski is a non-party and a non-retained testifying expert; he is not Plaintiff, not Plaintiff's employee, and not a witness whose appearance Plaintiff's counsel controls. A subpoena to a non-party must be served on the named person, Fed. R. Civ. P. 45(b)(1) (made applicable by Fed. R. Bankr. P. 9016), and service on Plaintiff's counsel is of no effect. A subpoena issued in the closing days of discovery for a deposition on the last day of discovery also fails to allow a reasonable time to comply. Fed. R. Civ. P. 45(d)(3)(A)(i). The witness was disclosed eight months earlier; his deposition could have been taken at any time.

(quoting *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)). Absence of prejudice may be considered, but only after diligence is shown. *Id.*; *see Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir. 2005). Rule 9006(b)(1) permits enlargement "for cause shown" and does not displace that inquiry.

## III. ARGUMENT

### A. Defendant has acted in Bad Faith.

Defendant did not disclose that departure to Plaintiff before the stipulation was signed, before the Order was entered, or at any point before the attorney was gone. The stipulation that the Plaintiff agreed to was made while the Defendant concealed material facts from the Plaintiff and the Court.

The stipulation that produced the Order was negotiated and executed while Mr. Farraj's departure was imminent. **He left three days after entry**. A law firm ordinarily knows of an attorney's departure well in advance, and Defendant does not say when he or his counsel learned of it. What Defendant does not dispute is that Plaintiff was never told—not during the negotiation, not before entry of the Order, and not before Mr. Farraj was gone.

The Defendant obtained Plaintiff's agreement to a two-month extension through a material omission, allowed that extension to run without taking any discovery, and returned only after it had nearly expired to ask for a third extension. A party cannot withhold the circumstance that supports his request, use it up, and then advance it as good cause.

## B. Defendant Sat on His Rights Under Both Prior Extensions.

The two adjournments Plaintiff consented to gave Defendant seven additional months of discovery. Dr. Mehra's deposition took place on four days' notice as a courtesy of Dr. Mehra and his counsel rearranging their schedules due to the Defendant's lack of diligence. The Defendant has held the disclosure of Plaintiff's non-retained testifying expert since December 11, 2025 and made no attempt to depose him until the last possible day of the discovery period. Diligence is the measure of good cause, and there is none here to measure.

## C. The Motion's Account of July Is Inaccurate and Omits the Court-Ordered Mediation.

Defendant asserts that the parties engaged in "extended settlement negotiations, including at least one offer and counter-offer by each party," Motion ¶ 7, and that the resulting inactivity was "mutual," Motion ¶ 10(d). **This is false**. There was a single brief telephone call from Mr. Farraj in July 2026 (after he left the law firm) followed up by an email and text message from Plaintiff, and one text message from the Defendant with a counteroffer which was not responded to. There were no "extended settlement negotiations" and to say so is a blatant misrepresentation to the Court.

## D. Plaintiff Has Accommodated Defendant Throughout, Including the One Deposition Defendant Attempted.

Plaintiff consented to both prior adjournments. When a different attorney at Defendant's law firm sought Dr. Mehra's deposition on four days' notice in the last week of discovery, Plaintiff produced him rather than stand on the calendar, and did so without conditions.

## E. Further Delay Prejudices Plaintiff, and Defendant's Contrary Premise Is Mistaken.

Defendant asserts that "Plaintiff waited years to file these claims." Motion ¶ 10(d). Plaintiff could not have filed a § 523 action before Defendant sought bankruptcy relief, and his Complaint was filed on May 27, 2025, within the period set under Fed. R. Bankr. P. 4007(c) following Defendant's February 25, 2025 conversion to Chapter 7.

The prejudice from further delay is not theoretical. The pool had to be removed and replaced at a cost of $421,670 after paying $466,255.70 to the Plaintiff for the construction of a defective pool. The Defendant's callous fraud has resulted in the Plaintiff having paid almost $900,000 for a pool at their home in Royal Oak. Plaintiff has carried the cost of that condition, along with the borrowing costs, and its remediation for the duration of this proceeding. Each adjournment further prejudices him.

## IV. RELIEF REQUESTED

Plaintiff respectfully requests that the Court deny the Motion.

Respectfully submitted,

**OSIPOV BIGELMAN, P.C.**

/s/ Jeffrey H. Bigelman
JEFFREY H. BIGELMAN (P61755)
Attorneys for Plaintiff
20700 Civic Center Drive, Ste. 420
Southfield, MI 48076
(248) 663-1800
jhb@osbig.com

Dated: September 9, 2026

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

BRANDON HEITMANN,

Debtor.
_____________________________________/

Chapter 7
Case No. 24-41956-MAR
Hon. Mark A. Randon

RATNESH MEHRA,

Plaintiff,

v.

Adv. Pro. No. 25−04093−mar

BRANDON HEITMANN,

Defendant.

_____________________________________/

**CERTIFICATE OF SERVICE**

I hereby certify that on September 14, 2026, I electronically filed and served *PLAINTIFF'S CORRECTED RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR EXTENSION OF ALL DATES,* with the Clerk of the Court using the ECF system, which will send notification of such filing to the following:

Jeffrey H. Bigelman on behalf of Plaintiff Ratnesh Mehra
jhb_ecf@osbig.com, tc@osbig.com;mk@osbig.com

Douglas W. Eyre on behalf of Defendant Brandon Heitmann
deyre@kotzsangster.com, tbradford@kotzsangster.com

Yousef M. Farraj on behalf of Defendant Brandon Heitmann
yfarraj@kotzsangster.com, jstrugs@kotzsangster.com

Anthony James Miller on behalf of Plaintiff Ratnesh Mehra
am@osbig.com

Jeffrey M. Sangster on behalf of Defendant Brandon Heitmann
jsangster@kotzsangster.com, lpfund@kotzsangster.com;mdelorme@kotzsangster.com

Respectfully Submitted,
**OSIPOV BIGELMAN, P.C.**

Dated: September 14, 2026

*/s/ Monique Kallabat*

MONIQUE KALLABAT
Legal Assistant
20700 Civic Center Drive Suite 420
Southfield, Michigan 48076
Tel: (248) 663-1800/Fax: (248) 663-1801
mk@osbig.com